[Civ. No. 24975.   Second Dist., Div. Three.   Aug. 17, 1961.]

BEDA A. GRIFFIN, Appellant, v. EARL IRELAN et al., Respondents.

Morris Singer for Appellant.

Ball, Hunt & Hart and Clyde C. Beery for Respondents.

SHINN, P. J.—Plaintiff and her husband for three and one-half years had been tenants of defendants, occupying the rear portion of a duplex, defendants the remainder. As Mrs. Griffin emerged from her rear door she slipped and fell upon a wet cement step or platform from which a rubber mat had been removed by Mr. Irelan. In her action for damages against her landlords, verdict and judgment were in favor of defendants and plaintiff appeals.

The established facts were that Mr. Irelan had been using the hose to wash the windows in the premises, and the platform. Mrs. Griffin had closed her windows and after they had been washed off, wiped off the window sills. In washing off the platform, Mr. Irelan had removed a rubber mat but had not informed Mrs. Griffin of that fact.

The condition of the premises at the scene of the accident was not conventional. Outside and below the bottom of the door, as a part of the sill, were two horizontal strips which extended over the platform. These were several inches in width. The platform was a long step below the floor level, estimated by Mrs. Griffin to be 9 or 11 inches. The extent of the drop was further described by the statement of Mrs. Griffin that she suffered a jar whenever she stepped down upon the platform. The length of the platform was the width of the door. In width it was approximately one-half of its length. The mat covered about one-half of the length of the strip and appears in the photographs to have covered somewhat more than half of the platform's width. The top of the platform was smooth cement, and it had been recently painted. Obviously, when wet, it was slippery. The mat had been placed on the platform by Mrs. Griffin six months previously to replace other mats that had worn out. It had always been in place when she had used the rear door. She had gone in and out of the door many times when the platform and the mat were dry and also when they were wet. She had never slipped on the platform. On the day of the accident she was wearing shoes with crepe rubber soles and she had never slipped while wearing them.

The decisive question on appeal is whether the court erred, as plaintiff contends, in giving an instruction at defendants' request on the doctrine of assumption of risk.

846

Counsel for the respective parties are thoroughly familiar with the rule as stated in *Hayes* v. *Richfield Oil. Corp.*, 38 Cal.2d 375 at 384 [240 P.2d 580] : "The doctrine of assumption of risk is based on the theory that there has been a voluntary acceptance of a risk, and such acceptance, whether express or implied, requires knowledge and appreciation of the risk. [Citations.] Where the facts are such that the plaintiff must have had knowledge of the hazard, the situation is equivalent to actual knowledge, and there may be an assumption of risk; but where it merely appears that a person could or should have discovered the danger by the exercise of ordinary care, the defense is not assumption of risk but contributory negligence." (P. 385.)

The verdict does not necessarily imply that the jury determined that Mrs. Griffin had knowledge of the risk and voluntarily assumed it. It might have been based upon some other ground. Nevertheless, the question of law we have is whether the jury could have inferred, reasonably, that Mrs. Griffin had knowledge and appreciation of the risk, or in other words, that she had knowledge that the platform was wet and the mat was not in place. That was the crucial factual question in the trial and the one to which the briefs are directed.

We have reached the conclusion there was no substantial evidence that Mrs. Griffin knew the mat had been removed. In so doing we have recognized the fact that the jury could disbelieve the testimony of Mrs. Griffin that she thought the mat was there. We have assumed all facts that could be reasonably drawn from the evidence which tended to prove that Mrs. Griffin knew the mat was not in place. Defendants had the burden of establishing that she had knowledge and appreciation of the danger. Disbelief of her denial of knowledge could not, of itself, prove that she had knowledge.

It is our duty to decide, as a question of law, whether an implied finding of the jury that Mrs. Griffin had knowledge of the absence of the mat would have had support in inferences of substantial weight and value.

An inference which is contrary to the usual propensities or passions of men, the particular propensities or passions of the person whose act is in question, the course of business or the law of nature (Code Civ. Proc., § 1960), is not legal evidence. We conclude that the inference upon which the verdict, concededly, rests fails to qualify as evidence of Mrs. Griffin's knowledge.

Mrs. Griffin testified that she did not know the mat had been removed; she had never stepped down on the platform when it was wet unless the mat was in place and she had never slipped when stepping down. In her cross-examination she was questioned about a conversation with an investigator for defendants who carried a recording device and recorded the conversation. A transcript of portions of the recording was shown to Mrs. Griffin which read: "Q. You had a rag in your hand? A. I had a rag in my hand. I had wiped off the window sill. They had washed the windows on the outside. I had wiped them off and I decided, well, as long as I got the rag, I will just wipe off the steps now and put my mat back."

In the questioning of Mrs. Griffin whether the transcript was correct, the following occurred: "Q. This is a correct transcription? A. Well, it was correct then but my idea was to go out, step out and the mat would be there. THE COURT: No. Wait a minute. THE WITNESS: I am sorry. THE COURT: You can't answer anything you feel like. We are following a rule here. I tried to tell you that earlier today. You answer the question and then stop. I have asked that of all witnesses, both witnesses so far, and I can't seem to get results from it. Just answer what is asked you and stop. He asked you if that was a correct transcription of what you said. Don't answer immediately. Take your time and state whether it is a true transcription of what you said that day. THE WITNESS: Yes." After the court stated that her statements were improper and that she should wait for further questioning by her attorney, she was not asked by her attorney to explain her statement to the investigator. However, on cross-examination, she said "I didn't notice. I didn't know the mat was gone. I expected to step out on the mat, take the mat off, wipe off the step and put it back."

Mrs. Griffin testified that as she stepped from the door she did not look to see whether the mat was in place; she supposed it was in place. Her statement that she had in mind "I will just dry off the step now and put my mat back" was equivocal. Did it mean that she knew that Irelan had removed the mat and that she would have to replace it after she had wiped off the platform, or did it merely mean that the mat would have to be removed in order that the platform be wiped off, and that it would then be replaced? Defendants contend that it meant the former, and that it warranted the jury in finding that Mrs. Griffin had knowledge that the mat had been removed. *The recorded remark is the only evidence*

*relied upon by defendants to prove that Mrs. Griffin knew
the mat was not in place.*[1]

Plaintiff argues that when she was interviewed by the astute
investigator her intention was to describe her purpose in
wiping off the step as she described it in her testimony, namely,
that she would remove the mat, wipe off the step and replace
the mat. She says that all she said in the interview was that
after the step had been wiped off the mat would be put back
where it belonged, meaning that while the step was being
wiped off the mat would not be there; it would have been
removed; she did not say that she believed it had already
been removed, and it is contended that it would be unreason-
able to construe the statement as an admission that she knew
Mr. Irelan had removed the mat. We agree with this con-
tention.

In addition to plaintiff's testimony that she did not know
the mat had been removed, there was the testimony of Mr.
Irelan that he did not tell her he had removed it, and there
were certain significant circumstances tending to prove her
lack of knowledge. From inside the house she could have seen
the step only through glass in the rear door, but the glass
portion of the door was hung with heavy curtains, which she
would have had to put aside, and she did not put them aside.
There was no evidence that Mr. Irelan had previously removed
the mat when washing off the platform. There was the testi-
mony of Mrs. Griffin that she had never used the doorway and
the platform unless the mat was in place. It was a difficult
step down, and when she took the step without taking the
precaution of looking for the mat, although knowing that the
step was wet, that act was inconsistent with knowledge that
the mat was not in place. When it is considered the mat was
there for safety, and had always been kept in place, it would
have been strange indeed for Mrs. Griffin to step down onto
the wet platform, as casually and heedlessly as she did, had
she known there was no mat on which to step.

We are convinced that on the entire evidence the most that
can be said with respect to the evidence of Mrs. Griffin's knowl-
edge is that it proved that she did not know whether the mat
was in place. Certainly it can be said that the jury would

[1]In their briefs the parties treat the remark of Mrs. Griffin as having
been proved for impeachment purposes, and not as the claimed admission
of a party. If it should be considered solely as affecting her credibility
the remark would not have been evidence, or an admission, of the truth
of the statement. However, the jury could and probably did consider it
as some sort of an admission.

have been warranted in believing that she did not know whether the mat was there from the fact that she did not look for it. This fact would have been relevant to the question of contributory negligence, but not to assumption of risk.

The case was tried and is briefed on the theory that Mrs. Griffin assumed the risk of injury if she knew the mat was not in place, but that if she did not know the mat had been removed she assumed no risk of falling. We conclude it was prejudicial error to give the instruction on assumption of risk.

The contention that no proper foundation was laid for the use of plaintiff's transcribed statement is without merit.

There is no other contention on the appeal which requires decision.

The judgment is reversed.

Vallée, J., and Ford, J., concurred.

A petition for a rehearing was denied September 13, 1961, and respondents' petition for a hearing by the Supreme Court was denied October 11, 1961. Schauer, J., was of the opinion that the petition should be granted.